■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BROOKS, Appellant.— Appeal by defendant, as limited by his brief: (a) from an order of the former County Court, Kings County, entered July 21, 1961 after a hearing upon his *coram nobis* application, insofar as such order, although it granted the application and vacated his original sentence of four to nine years, failed to permit him to withdraw his 1956 guilty plea to burglary in the third degree, and failed to permit him to proceed to trial; and (b) from the judgment of said court, also entered July 21, 1961, convicting him of said felony on the basis of his 1956 guilty plea, and resentencing him to serve a term of 2½ to 10 years. The order and judgment are contained in one paper. Order, insofar as appealed from, and judgment affirmed. On January 9, 1956 the defendant withdrew his plea of not guilty to burglary in the third degree and petit larceny and entered a plea of guilty to burglary in the third degree to cover all counts in the indictment. Thereupon the court, *inter alia*, stated: " I will sentence him [defendant] to two and a half to ten years so that he has a long probation. Counsel will remind me on the day of sentence of this." On sentence day, January 30, 1956, defendant was sentenced instead to a term of four to nine years. Neither he nor his counsel reminded the court of its statement made at the time of the acceptance of the guilty plea; nor did either of them protest against the sentence as imposed. Five years later, in June, 1961, defendant instituted this *coram nobis* application to vacate the 1956 judgment of conviction on the ground that he had pleaded guilty in reliance upon the court's promise to impose a sentence of 2½ to 10 years. After a hearing on this application, the court vacated the original sentence and thereupon resentenced defendant to serve a term of 2½ to 10 years. At the same time the court denied defendant's motion to withdraw his plea of guilty and to proceed to trial. The propriety of such denial is the principal issue on this appeal. Based on the authority of *People* v. *Farina* (2 A D 2d 776, affd. 2 N Y 2d 454), defendant contends that he is entitled not only to vacatur of the original sentence, but also to withdrawal of his guilty plea. But in the *Farina* case it clearly appears from the record and from the opinion of the Court of Appeals that Farina's guilty plea was induced by the coercion of the sentencing Judge. In the case at bar, however, defendant does not claim coercion. On the contrary, the minutes relating to his guilty plea show that it was neither coerced nor otherwise induced by the court, and that said plea was made prior to the court's statement concerning the length of the sentence to be imposed. Hence, the determination in *People* v. *Farina* (*supra*) is distinguishable from the instant case, and affords no assistance to defendant. In any event, he has now received the sentence which the court originally (in 1956) stated it would impose upon him. Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.