■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIGI SCAFIDI, Respondent.—In a proceeding in the nature of a writ of error *coram nobis,* the People appeal from an order of the Supreme Court, Kings County, entered January 5, 1976, which, *inter alia,* (1) vacated the judgment imposed on May 31, 1973 (the year is incorrectly set forth as 1975 in the order) and (2) directed that defendant be allowed to withdraw his plea of guilty, upon which the said judgment was based. Order modified, on the law and the facts and as a matter of discretion in the interest of justice, by deleting therefrom the provision directing that defendant be allowed to withdraw his plea of guilty. As so modified, order affirmed, and case remanded to the Criminal Term for resentence in accordance herewith. After defendant withdrew his plea of not guilty and entered a plea of guilty to the crime of possession of gambling records in the first degree (a class E felony), the court indicated that if the sentence were to be a fine, it would not exceed $350. That was double the amount of defendant's admitted gain from the commission of the crime (see Penal Law, § 80.00, subd 2). The court told defense counsel to remind it, prior to the imposition of sentence, of the amount of defendant's gain. On the date of sentence defense counsel stated that he would rely upon the probation report and the court, also relying upon the probation report, imposed a sentence of a fine of $750. In the ensuing two and one-half years, section 70.06 of the Penal Law (sentence of imprisonment for second felony offender) was enacted, and defendant was arrested for the commission of a second felony. Thereafter, defendant moved to vacate the prior sentence and for the withdrawal of his guilty plea, with the expectation of repleading to a misdemeanor and thus avoiding the

consequence of being sentenced as a second felony offender were he to be convicted of the second crime for which he was arrested. On this record, which clearly demonstrates that the guilty plea was freely and voluntarily made prior to any statement by the court concerning sentence, and it appearing that the sole reason for defendant's motion for the withdrawal of his guilty plea was to obviate his exposure to the second felony offender statute, we are of the view that justice would best be served by remanding the case for resentence in accordance with Criminal Term's indication that it would impose a fine not to exceed $350 (see *People v Craig*, 41 AD2d 932; *People v Brooks*, 18 AD2d 710). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.